**Office of the New York State Attorney General**

**Letitia James Attorney General**

July 31, 2026

The Honorable Robert M. Levy
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Levine, et al. v. CUNY, et al.*, No. 26 Civ. 1859 (RML) (EDNY)

Your Honor:

This Office represents defendants The City University of New York ("CUNY"), the CUNY Board of Trustees, and Chancellor Felix V. Matos Rodriguez, in connection with claims asserted by Plaintiff Lucas Kwong under the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.* ("RA"). *See, e.g.*, Compl. ¶¶ 145-55, 613-75.[1] I write to request a conference regarding an anticipated motion to dismiss.

## I. Plaintiff Kwong's Allegations

In this putative class action, five Plaintiffs seek to represent all CUNY employees whose request to work 100% remotely as an accommodation for an alleged disability was denied in whole or in part, pursuant to a purported policy of discriminating or retaliating against disabled employees.

Plaintiff Kwong is a tenured Associate Professor of English at City Tech. Compl. ¶ 145. He alleges that he has anxiety and ADHD, and fears setting foot on campus, because certain buildings are being remediated for mold and asbestos. *Id.*, ¶¶ 148, 620, 642. Plaintiff does not allege that he was required to work in such buildings, or that he has respiratory issues. The Complaint alleges that:

- Plaintiff asked to teach 100% remotely to accommodate his alleged disability. *Id.,* ¶ 615.
- Each semester that Plaintiff asked to teach 100% remotely City Tech asked Plaintiff to submit his doctor's up-to-date assessment as part of his accommodation request. *Id.,* ¶¶ 639, 641, 674.
- In Plaintiff's opinion, City Tech's interactive process took too long to complete. *Id.,* ¶ 625.
- As a tenured faculty member, Plaintiff must observe and report on classroom teaching by non-tenured faculty. Plaintiff asked to remotely observe classes taught remotely. *Id.*, ¶¶ 655, 662-64.
- City Tech allegedly refused accommodations pursuant to two CUNY policies created to re-open campuses after Covid-19: faculty members were required to teach "one in-person class," and all employees were required to work at least 70% in-person and 30% remotely. *Id.*, ¶¶ 201, 619-23.

Based on these allegations, Kwong sues for disability discrimination and retaliation under the RA and seeks to represent five putative classes and sub-classes of CUNY employees whose requested accommodation to teach 100% remotely was denied or delayed due to disability discrimination or retaliation. *Id.*, ¶¶ 679-80, 682, 684-85.[2] But, all these claims are subject to dismissal.

---

1 Kwong works at the N.Y.C. College of Technology ("City Tech"), a senior college of CUNY. *Id.* Four Plaintiffs assert claims concerning CUNY's community colleges, which are defended by the New York City Corporation Counsel. *See* ECF 12; *see also Clissuras v. City Univ. of N.Y.*, 359 F.3d 79, 81 n.2 (2d Cir. 2004).

2 The Complaint alleges eight putative classes and subclasses. *Id.*, ¶¶ 679-86. Kwong is not alleged to be the sole representative of any class or sub-class. *Id.*

## II. The Complaint Should Be Dismissed

### A. Plaintiff Fails to State Accommodation, Disparate Treatment or Screening Claims

Plaintiff purports to allege three types of disability discrimination claims under the RA: failure to accommodate, disparate treatment, and disparate impact screening. *Id.*, ¶¶ 713-39, 750-65. To state an RA § 504 disability discrimination claim, Plaintiff must allege nonconclusory facts sufficient to lead to a plausible inference that, among other things, he is disabled, and that "but for" disability discrimination Plaintiff would not have experienced an adverse action. *Natofsky v. City of N.Y.*, 921 F.3d 337, 345-46 (2d Cir. 2019). To state a failure to accommodate claim, Plaintiff must plausibly allege, among other things, that "[his] employer refused to make a reasonable accommodation." *Fisher v. Valley Stream Cent. High Sch. Dist.*, 2025 WL 2467046, at *18 (E.D.N.Y. Aug. 27, 2025) (ADA case).

*First*, Plaintiff alleges that he has "anxiety and ADHD," Compl. ¶¶ 148, 614, but "[a] diagnosis alone is insufficient to establish disability," *Ibela v. Allied Universal*, 2022 WL 1418886, at *2 (2d Cir. May 5, 2022), and the Complaint "contains no allegations describing how [Plaintiff's] supposed mental condition substantially limits a major life activity." *Tylicki v. St. Onge*, 297 F. App'x 65, 67 (2d Cir. 2008).

*Second*, Plaintiff does not allege a failure to accommodate, adverse action, or illegal screening. By Plaintiff's own allegations, City Tech granted all of Kwong's requests to teach 100% remotely. Compl. ¶¶ 626, 647, 652, 657. Plaintiff cannot state a claim by alleging that he was asked to submit an updated doctor's assessment with each accommodation request; "[e]mployers are allowed to ask employees to provide appropriate medical documentation to warrant accommodations." *Belanger v. N.Y. Univ.*, 2025 WL 963308, at *18 (S.D.N.Y. Mar. 31, 2025). Although Kwong believes that City Tech's interactive process took too long, it was completed before the start of each semester, Compl. ¶ 625, and there is "nothing in Plaintiff's Complaint to suggest that the ... delay [he] experienced was motivated by discriminatory intent … ." *Saunders v. Queensborough Cmty. Coll.*, 2015 WL 5655719, at *7 (E.D.N.Y. Sept. 24, 2015) (cleaned up).[3]

In response to Kwong's request to conduct peer-observations remotely, City Tech offered to consolidate the observations to a single day, in classrooms with air filters. Compl. ¶¶ 655, 662-64. "Because Defendants did attempt to accommodate Plaintiff, he fails to state a plausible failure to accommodate claim." *Goonewardena v. N. Shore L.I.J. Health Sys.*, 2014 WL 1271197, at *10 (E.D.N.Y. Mar. 26, 2014) (the RA does "not require a defendant to provide a plaintiff with his ideal or preferred accommodation").

Plaintiff's claims of "increased scrutiny" and "stress," Compl. ¶¶ 629, 651, also fail because "alleged close monitoring or observation by an employer is not an adverse action," *John v. Brooklyn Eye Center*, 2025 WL 317515, at *6 (E.D.N.Y. Jan. 28, 2025), and increased stress is "legally insufficient" to plead an adverse action. *Bell v. N.Y.C. Dep't of Educ.*, 2025 WL 2933760, at *10 (S.D.N.Y. July 20, 2025), *adopted,* 2025 WL 2553678 (S.D.N.Y. Sept. 5, 2025).

*Third*, Plaintiff has not alleged facts showing that he would not have suffered disparate treatment but-for discriminatory animus. *Smith v. NYCHA*, 410 F. App'x 404, 406 (2d Cir. 2011); *Brown v. N.Y.C. Dep't of Educ.*, 2022 WL 4364600, at *4 (S.D.N.Y. Sept. 21, 2022).

*Fourth*, since City Tech accommodated Kwong, he lacks standing because he cannot plausibly allege, *inter alia*, that "he personally has suffered some actual injury as a result of the putatively illegal conduct of the defendant[s]." *Barrows v. Becerra*, 24 F.4th 116, 129 (2d Cir. 2022). This disqualifies Kwong from representing a putative class of CUNY employees. *Id.* Thus, his claims fail.

---

[3] Kwong's bare claim that City Tech's accommodation policy was overridden by CUNY's post-Covid remote work policy, which allegedly "screened out" faculty members from remote work accommodations, Compl. ¶¶ 753-54, is also belied by the Complaint's allegations that every one of Kwong's requests to teach remotely was granted by City Tech pursuant to its reasonable accommodation policy. *Id.,* ¶¶ 618-22, 624-27, 630-31, 639, 646-47, 655-64, 672.

**B. Plaintiff Fails to State a Retaliation Claim**

Nor has Kwong stated a retaliation claim. To plead an RA retaliation claim, Plaintiff must allege: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Dooley v. Jetblue Airways*, 636 F. App'x 16, 19 (2d Cir. 2015). Plaintiff "must plausibly allege that the retaliation was a 'but-for' cause of the employer's adverse action." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015).

Plaintiff fails to allege a material adverse action. Kwong's bare claims of increased scrutiny and elevated stress are insufficient. *See Kramer v. Bessent*, 2025 WL 2576482, at *29 (E.D.N.Y. Sept. 4, 2025).

Similarly, the alleged retaliatory actions—that City Tech's English Department scheduled in-person meetings and did not reappoint Plaintiff as editor of a student journal, Compl. ¶¶ 631, 635—would not dissuade a reasonable employee from complaining, and Plaintiff was in fact not dissuaded. *Haynes v. Exec. Chamber*, 2025 WL 2780866, at *9 (S.D.N.Y. Sept. 30, 2025). Kwong does not allege that in-person meetings were arranged in response to protected activity, or that he was required to attend meetings on campus. Only one in-person meeting is alleged to have occurred, and Kwong skipped that meeting without consequence due to a medical appointment. Compl. ¶ 633.

Plaintiff also fails to allege but-for causation. In April 2025, Kwong sought an accommodation, and in May 2025, he complained to the N.Y.S. Division of Human Rights, *id.*, ¶¶ 615, 623, but he does not allege that any decision-makers were aware of this. Not only has Plaintiff not plausibly alleged temporal proximity, causation may be established through temporal proximity only "if there are no other allegations that otherwise undercut but-for causation." *Amaya v. Ballyshear LLC*, 295 F. Supp. 3d 204, 222 (E.D.N.Y. 2018). Here, any inference of retaliation is negated by Plaintiff's allegation that on August 12, 2025, 3-4 months after he engaged in protected activity, City Tech granted his request to teach remotely. Compl. ¶ 626.

**C. Plaintiff's Class Claims Should be Stricken**

The Court should also strike Plaintiff's class action allegations pursuant to Fed. R. Civ. P. 12(f). Kwong lacks standing to represent a putative class, his "claims fail to state a plausible entitlement to relief on behalf of the putative class members," *Talarico v. Port Auth. of N.Y.*, 367 F. Supp. 3d 161, 173 (S.D.N.Y. 2019), and no facts have been "alleged to support [the] conclusory allegations as to the purported [class] members." *Goldberg v. Merrill Lynch*, 1998 WL 321446, at *9 (S.D.N.Y. June 18, 1998).

**D. The Complaint Should be Dismissed Pursuant to Fed. R. Civ. P. 8**

The Complaint is not "a short and plain statement of the claim[s] showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It spans 152 pages and 828 paragraphs; it is replete with legal conclusions; over 40 paragraphs are alleged "upon information and belief"; and dozens of paragraphs concern a former litigant who passed away years ago and whose lawsuit was dismissed. *See, e.g.,* Compl. ¶¶ 2-22, 220-59. Such "unnecessary prolixity … places an unjustified burden on the court and the party," making dismissal appropriate. *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

In short, there are no well-pled allegations that Plaintiff Kwong was disparately treated because of discrimination or retaliation. For these reasons, and those to be briefed, we respectfully request a conference to discuss a forthcoming motion to dismiss the Complaint.

Respectfully submitted,
/s/ Jonathan A. Siegel
JONATHAN A. SIEGEL, Assistant Attorney General
(212) 416-8888; Jonathan.Siegel@ag.ny.gov