STEVEN BANKS
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Eric Zenzerovich**
Labor and Employment Law Division
Phone: (212) 356-2087
Email: ezenzero@law.nyc.gov

August 14, 2026

**By ECF**
Honorable Natasha Merle
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Levine et al. v. CUNY, et al., No. 26 Civ. 1859 (NCM)(RML)
No. 24-CV-1974 (ENV)

Your Honor:

This Office represents defendants the City of New York ("City"), City University of New York ("CUNY"), the CUNY Board of Trustees, and Chancellor Felix V. Matos Rodriguez in the above referenced matter and is writing this letter on behalf of the City.[1]

**A. Background**

In this putative class action, five Plaintiffs seek to represent all CUNY employees whose request to work 100% remotely as an accommodation for alleged disabilities were denied in whole or in part, pursuant to a purported policy of discriminating or retaliating against disabled employees. Co-defendants CUNY, CUNY Board of Trustees, and Chancellor Felix V. Matos Rodriguez (collectively, the "Co-Defendants") have previously asked the Court for a premotion conference regarding an anticipated motion to dismiss. Defendant City respectfully moves to join with Co-Defendants in this request as it too seeks to move to dismiss Plaintiffs' Complaint. The City adopts all arguments made and facts asserted by Co-Defendants in their premotion letter dated July 31, 2026 regarding Plaintiff Lucas Kwong (Dkt. 15).

Plaintiff Levine worked at Queensborough Community College as a Test Preparation Coordinator and later in the Office of the Registrar, and claims that was "forced to retire after Defendants refused to approve her remote work accommodation," at an unspecified date. Compl. ¶¶70-72; 95-96. Notably, Plaintiff Levine pleads no facts about the details of her reasonable accommodation request, any dialogue with Defendants, or how she was allegedly "constructively discharged."

[1] Given the voluminous nature of this Complaint, and the fact that each individual plaintiff has their own set of allegations, the City simply cannot articulate all arguments that will be made in its eventual motion in this premotion letter.

Plaintiff Mulvanerty worked at "BMCC" as an Assistant Professor. Id. ¶98. Plaintiff Mulvanerty disclosed in spring 2024 that she "might need accommodation in fall 2024," as she was recovering from a prior surgery; Defendants then "began altering her schedule without meaningful discussion despite Plaintiff [Mulvanerty]'s repeated efforts to confer." Id. ¶¶105-109. She requested an accommodation to work remotely in fall 2024, which , was "belatedly granted,. Id. ¶¶115-116. , Her employment was "ultimately involuntarily ended in August 2025 after Defendants' discriminatory or retaliatory non-reappointment decision." Id. ¶118.

Plaintiff Sease was employed by "KCC" as a Rooming Coordinator and later a Higher Education Assistant, and currently is still employed at KCC as Supervisor of Rooming. Id. ¶¶120-126. She "suffers from migraines, bilateral astigmatism with presbyopia, bilateral glaucoma, anxiety, and related sensory-processing limitations." Id. ¶¶132. Defendants "proposed an … accommodation instead of providing an effective accommodation," and further that, "Defendants … denied or inadequately address Plaintiff Sease's accommodation requests." Id. ¶¶134-135.

Plaintiff Sullivan was employed by Hostos from April 6, 2015 through June 30, 2023 initially as a Substitute Assistant to Higher Education Officer (HEO) and later becoming a full-time Assistant to HEO beginning July 1, 2015. Id. ¶¶137. In March 2022 he was diagnosed with Complex PTSD. Id. ¶¶137. His "…his depression progressively worsened … [which was] attributable to Defendants' denial of accommodations," purportedly from an undated remote work accommodation request. Id. ¶¶138-139.

## B. Plaintiffs Fail to State a Claim for All Causes of Action

Rehabilitation Act

To state a disability discrimination claim under the Rehabilitation Act, Plaintiffs must allege nonconclusory facts sufficient to lead to a plausible inference that, among other things, they are disabled, and that "but for" disability discrimination, Plaintiffs would not have experienced an adverse action. Natofsky v. City of N.Y., 921 F.3d 337, 345-46 (2d Cir. 2019). To state a failure to accommodate claim, Plaintiffs must plausibly allege, among other things, that "[their] employer refused to make a reasonable accommodation." Fisher v. Valley Stream Cent. High Sch. Dist., 2025 WL 2467046, at *18 (E.D.N.Y. Aug. 27, 2025) (ADA case). Plaintiffs fail to meet this pleading standard as they do not sufficiently allege nonconclusory facts sufficient to lead to a plausible inference that they were discriminated against regarding their disability discrimination claims and further do not sufficiently allege that their employer refused to make a reasonable accommodation. See generally Compl.

To plead an Rehabilitation Act retaliation claim, Plaintiffs must allege: "(1) participation in a protected activity; (2) that the defendant[s] knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." Dooley v. Jetblue Airways, 636 F. App'x 16, 19 (2d Cir. 2015). Plaintiff "must plausibly allege that the retaliation was a 'but-for' cause of the employer's adverse action." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 90 (2d Cir. 2015). Plaintiffs fail to substantially allege facts, including a sufficient but-for cause, to articulate a cognizable retaliation claim. See generally Compl.

City Human Rights Law

To the extent Plaintiff Mulvanerty attempts to state claims for failure to accommodate and failure to engage in the cooperative dialogue under the NYCHRL, these claims too must fail. Plaintiff has not pleaded facts sufficient to establish that her employer refused to make any accommodations either requested or offered. See Cadet v. All. Nursing Staffing of New York, Inc., 632 F. Supp. 3d 202 (S.D.N.Y. 2022); see also N.Y.C. Admin. Code § 8-107(28).

FMLA Retaliation

Plaintiffs Levine, Mulvanerty, Sease, and Sullivan allege retaliation under the FMLA, however, their FMLA retaliation fails, as Plaintiffs simply cannot establish that any alleged adverse action against them occurred under circumstances giving rise to inference of retaliatory intent. See Potenza v. City of New York, 365 F.3d 165 (2d Cir. 2004).

**C. Plaintiffs' Class Claims Should be Stricken**

Plaintiffs bear the burden of satisfying the four prerequisites of Fed. R. Civ. P. 23(a) – numerosity, commonality, typicality, and a adequacy of representation. See Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 161 (1982). Here, Plaintiffs cannot establish numerosity, commonality, or typicality requirements.

Plaintiffs cannot establish numerosity where, as here, the purported size of the class and the impracticability of joinder rest entirely on speculation Alharbi v.. Miller, 18 CV 2435 (BMC), 2019 U.S. Dist. LEXIS 50713, at *22-23 (E.D.N.Y. Mar. 26, 2019). Plaintiffs cannot demonstrate that a class is ascertainable given the individualized and speculative nature of their claims. Plaintiffs cannot show that there are "common questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "What matters to class certification . . . is not the raising of common 'questions . . . but rather the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation. Wal-Mart v. Dukes, 564 U.S. 338, 360 (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. Rev. 97, 132 (2009)). Lastly, Plaintiffs are clearly unable to establish that their allegations are typical of the alleged class and subclasses in the matter at bar. Typicality "is satisfied when each member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." Robidoux v. Celani, 987 F.2d 931, 936 (2d Cir. 1993). The fact that Plaintiffs' claims invoke the same legal theory does not alone establish typicality—the factual predicates of the claims must be sufficiently cohesive. See Packard v. City of New York, 2019 WL 2493515, at *6 (S.D.N.Y. Mar. 8, 2019), *report and recommendation adopted*, 2019 WL 1714669 (S.D.N.Y. Apr. 16, 2019).

**D. The Complaint Should be Dismissed Pursuant to Fed. R. Civ. P. 8**

The City adopts the arguments made by Co-Defendants regarding the fact that Plaintiffs' Complaint is not "a short and plain statement of the claim[s] showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Accordingly it is highly prejudicial for Defendants to be forced to undertake class discovery and further to litigate five separate matters under the guise of a single action.

For the reasons stated above, Defendants request leave to file their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

I thank the Court for its consideration of this request.

Respectfully submitted,

/s/ Eric Zenzerovich
Eric Zenzerovich
Assistant Corporation Counsel

cc: All Parties (via ECF)