THE DUGGER LAW FIRM PLLC

*Cyrus E. Dugger, Esq.*
*Gotham Center, 28-07 Jackson Ave., 5th Fl.*
*Long Island City, NY 11101*
*Tel: (646) 560-3208*
*www.theduggerlawfirm.com*

**CONFIDENTIAL SETTLEMENT COMMUNICATION**

September 25, 2026

**Via ECF**
Honorable Natasha C. Merle
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** ***Levine, et al. v. The City University of New York, et al.***
**No. 1:26-cv-01859-NCM-RML**

Dear Judge Merle:

We represent Plaintiffs and the putative classes in the above-referenced matter. Plaintiffs write to provide Plaintiff's complete response to the City Law Department's request for an extension of time of forty-five days to file their motion to dismiss. ECF No. 21. We do so because City Law Department Defendants' counsel Mr. Zenzerovich selectively quoted Plaintiff's response to their request for an extension by omitting our related discussion of his simultaneous refusal to schedule a Rule 26(f) conference prior to completion of Defendants' briefing on their motion to dismiss.

Specifically, following Plaintiffs counsel's prior unsuccessful request to schedule the Rule 26(f) conference made on September 17, 2026, in response to a second request to schedule the conference made on September 22, 2026, Defendants' counsel Mr. Zenzerovich responded with a request for an additional forty-five days to file their motion to dismiss, and simultaneously, stated he would not schedule the Rule 26(f) conference prior to briefing on his motion to dismiss: "It is a bit premature to schedule a Rule 26(f) conference as we have not put in an Answer yet."

Defense counsel did so despite the Court's clear instruction on September 1, 2026, that "[u]nless otherwise ordered, discovery is not stayed during the pendency of defendants' motions." September 1, 2026 Order.

The omitted part of Plaintiffs' counsel's response to Mr. Zenzerovich's request for an extension of forty-five days, which contained the discussion of his refusal to schedule the Rule 26(f) conference before briefing, stated:

> Hi Eric,
>
> Thank you for your email. We disagree that a Rule 26(f) conference is premature because

> defendants have not filed an answer. Rule 26(f)(1) requires the parties to confer "as soon as practicable," and Rule 26(f)(2) makes counsel jointly responsible for arranging the conference. The advisory committee's note expressly states that the **obligation includes "defendants who, because of a pending Rule 12 motion, may not have yet filed an answer** in the case." Fed. R. Civ. P. 26(f) advisory committee's note to 1993 amendment.
>
> Moreover, the Court's September 1, 2026 Order specifically provides: "Unless otherwise ordered, **discovery is not stayed during the pendency of defendants' motions.**" Conditioning the Rule 26(f) conference on the filing of an answer is directly inconsistent with that directive.
>
> Please provide, by September 25, your availability during the week of September 28 for a telephone or videoconference with all counsel. We would prefer to resolve this basic scheduling obligation without having to obtain judicial intervention. If defendants continue to decline to schedule the conference we will seek the Court's assistance in setting a prompt date.

(emphasis added).

As of the filing of this letter, neither of Defendants' counsel Mr. Zenzerovich nor Mr.Siegel has provided available dates for the Rule 26(f) conference.

Accordingly, Plaintiffs: (1) oppose Defendants' counsel's Mr. Zenzerovich's request for additional time to file Defendants' motion to dismiss, ECF No. 21, because it was clearly tied to a refusal to comply with the Court's clear September 1, 2026 Order that discovery was not stayed during briefing on that motion; (2) requests that the Court order the parties to conduct the Rule 26(f) conference by October 2, 2026; and (3) requests that the Court schedule the initial case management conference on a date convenient for the Court.

Respectfully submitted,

/s/ Cyrus E. Dugger